# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL



April 2, 1959

Hon. V. L. Ramsey
Chairman, Committee on
  Revenue and Taxation
House of Representatives
The State of Texas
Austin, Texas

Dear Mr. Ramsey:

Opinion No. WW-582

Re: Constitutionality of
House Bill No. 67, 56th
Leg., Repealing the Tax
Exemption Accorded Ciga-
rettes sold at Federal
Military Installations
Within the State.

We quote from your opinion request as follows:

"The committee requests to be advised on the question
as to whether or not this proposed Bill /H. B. 67_/
contravenes the Federal Constitution, any Federal
statute, or any court decision with regard to taxing
a Federal instrumentality and specifically would this
Bill be constitutional?"

House Bill 67 has as its single purpose the repeal of
Chapter 14, Acts of the 47th Leg., Regular Session, 1941,
as last amended by ch. 275, Acts of the 48th Leg., Regular
Session, 1943, which is codified as Article 7047c-3, V.A.C.S.

Article 7047c-3 accords exemption from the State ciga-
rette tax to: (1) all sales by "Post, Camp or Unit Exchanges
established and operated within the State of Texas, by the
United States Military, Naval or Marine forces and not other-
wise, on Military, Naval or Marine Posts, Camps or Reserva-
tions," to "officers, soldiers, sailors, nurses, or marines
of the United States Army, Navy or Marine Corps"; (2) all
sales by any authorized branch of a Post, Camp or Unit
Exchange established for the exclusive benefit of officers,
soldiers, sailors, nurses or marines in the Army, Navy or
Marine Corps or on authorized military maneuvers; and (3)
all sales to any such Post, Camp, or Unit Exchange under the
conditions and for the purposes specified in (1) and (2)
above by a cigarette distributor licensed in Texas.

The obvious intention of H.B. 67 is to allow imposition
of the cigarette tax on all sales to or by Post, Camp or Unit
Exchanges on Federal installations, or authorized branches

thereof. You are advised that this cannot be accomplished, irrespective of the repeal, vel non, of Article 7047c-3, V.A.C.S.

Title 4, U.S.C.A., Section 105(a), provides as follows:

"No person shall be relieved from liability for payment of, collection of, or accounting for any sales or use tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area; and such State or taxing authority shall have full jurisdiction and power to levy and collect any such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area."

The power to levy sales or use taxes under the foregoing provision is limited by Title 4, U.S.C.A., Section 107, which provides:

"(a) The provisions of Sections 105 and 106 of this title shall not be deemed to authorize the levy or collection of any tax on or from the United States or any instrumentality thereof, or the levy or collection of any tax with respect to sale, purchase, storage, or use of tangible personal property sold by the United States or any instrumentality thereof to any authorized purchaser.

"(b) A person shall be deemed to be an authorized purchaser under this section only with respect to purchases which he is permitted to make from commissaries, ship's stores, or voluntary unincorporated organizations of personnel of any branch of the Armed Forces of the United States, under regulations promulgated by the departmental Secretary having jurisdiction over such branch."

The case of Falls City Brewing Company v. Reeves, 40 F. Sup. 35 (USDC, W.D. Ky. 1941) held that a post exchange was a governmental instrumentality, and, pursuant to Section 107, above, accorded it exemption from State taxes imposed on the sale of malt beverages.

The limitation imposed by Title 4, U.S.C.A., Section 107, as construed by the Falls City Brewing Company case, is controlling in the present situation. The State of Texas cannot

levy or collect the cigarette tax on any sales to any Federal Post, Camp or Unit Exchange or authorized branch thereof; or on any sales by such instrumentality to any "authorized purchaser." Although the purpose for which repeal of Article 7047c-3 was proposed contravenes the foregoing principles, such repeal will, in and of itself, have no effect whatsoever. The existing Federal law will not be affected regardless of whether or not Article 7047c-3 is repealed; therefore, the question of the constitutionality of such repeal is immaterial.

This opinion is not in conflict with Attorney General's Opinion No. WW-354. That opinion dealt with the authority of manufacturers or distributors to sell and deliver beer in military establishments, and the authority of the State to grant refunds on taxes on such sales under the provisions of Art. 667 V.P.C. Incident to the decision of such questions the opinion states that "under the Buck Amendment, . . .the State of Texas may impose sales or use taxes on sales or uses occurring within the Federal area, regardless of the fact that the State has ceded exclusive jurisdiction over the area to the Federal Government." Section 107 of the Buck Amendment was not quoted or referred to in WW-354, in that the question of taxability of sales to, or by Federal instrumentalities was not involved, and the opinion should not be construed as indicating that such sales are taxable.

SUMMARY

Under Title 4, U.S.C.A., Section 107, as construed by Falls City Brewing Company v. Reeves, the State has no power to levy or collect the cigarette tax on sales made to Post Exchanges, or by such Exchanges to authorized purchasers. Repeal of Article 7047c-3, vel non, will have no effect upon the law as it exists in this regard.

WILL WILSON
Attorney General of Texas

By Jack N. Price
Assistant

JNP:bct

APPROVED

OPINION COMMITTEE :
Geo. P. Blackburn, Chairman

C. Dean Davis
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert